IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

JESSICA TAYLOR, *

    Plaintiff, *

vs. *

                            CASE NO. 4:18-CV-232 (CDL)

PEOPLE SALES & PROFIT COMPANY, *

    Defendant. *

O R D E R

Jessica Taylor worked at the Steak N Shake restaurant in Columbus, Georgia. The restaurant is an independent franchisee of Steak N Shake Enterprises, Inc. and is owned by People Sales & Profit Company, Inc. ("PSPC"). Taylor alleges that PSPC subjected her to a hostile work environment because of her sex, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e to 2000e-17. Taylor also alleges that PSPC retaliated against her for complaining of sexual harassment, in violation of Title VII. Finally, Taylor asserts a state law battery claim. PSPC moved to dismiss Taylor's Title VII claims, arguing that Taylor did not exhaust her administrative remedies before filing this action. The Court converted that motion into one for summary judgment and permitted Taylor to conduct limited discovery regarding the failure to exhaust defense. For the sake of

clarity, the Court terminated PSPC's motion to dismiss and permitted PSPC to file a summary judgment motion after the limited discovery period closed. As discussed below, that motion (ECF No. 24) is granted.

## SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

In accordance with the Court's local rules, PSPC submitted a statement of undisputed material facts with its summary judgment motion. *See* M.D. Ga. R. 56 (requiring statement of material facts that is supported by the record). Taylor, who is represented by counsel, did not respond to the summary judgment motion or the statement of material facts. Therefore, PSPC's statement of material facts is deemed admitted pursuant to Local

2

Rule 56. *See* M.D. Ga. R. 56 ("All material facts contained in the movant's statement which are not specifically controverted by specific citation to particular parts of materials in the record shall be deemed to have been admitted, unless otherwise inappropriate."). The Court reviewed PSPC's citations to the record to determine if a genuine factual dispute exists. *See Reese v. Herbert*, 527 F.3d 1253, 1269 (11th Cir. 2008).

FACTUAL BACKGROUND

Taylor was employed by PSPC at its Steak N Shake restaurant in Columbus, Georgia. She was not employed by Steak N Shake Enterprises, Inc. Plaintiff received a number of items that identified PSPC as her employer, including paycheck stubs, an employee handbook, and a letter of termination. In her charge of discrimination to the Equal Employment Opportunity Commission ("EEOC"), Taylor, who was represented by counsel, listed her employer as "Steak N Shake," not PSPC. Def.'s Mot. for Summ. J. Ex. A, EEOC Charge (Aug. 16, 2018), ECF No. 24-1. She listed as her employer's address the address for the restaurant location where she worked, not PSPC's address. PSPC did not receive notice that Taylor had filed an EEOC charge alleging discrimination at the Columbus Steak N Shake restaurant. Spornhauer Aff. 2, ECF No. 24-2.

3

## DISCUSSION

A plaintiff seeking relief under Title VII must first exhaust her administrative remedies by filing a charge of discrimination with the EEOC. *See* 42 U.S.C. § 2000e-5(b) & (f)(1) (setting forth procedures for EEOC to handle Title VII charges of discrimination and stating that a civil action may be brought after the EEOC procedures are finished). The purpose of the exhaustion requirement is to allow the EEOC to "have the first opportunity to investigate the alleged discriminatory practices" so it can "perform its role in obtaining voluntary compliance and promoting conciliation efforts." *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004) (per curiam) (quoting *Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 929 (11th Cir. 1983)).

PSPC asserts that Taylor's Title VII claims against it fail because she did not name PSPC, her actual employer, in her EEOC charge. Instead, she named its franchisor, Steak N Shake. "Ordinarily, a party not named in the EEOC charge cannot be sued in a subsequent civil action." *Virgo v. Riviera Beach Assocs., Ltd.*, 30 F.3d 1350, 1358 (11th Cir. 1994). "This naming requirement serves to notify the charged party of the allegations and allows the party an opportunity to participate in conciliation and voluntarily comply with the requirements of Title VII." *Id.* But, if "the purposes of the Act are

4

fulfilled, a party unnamed in the EEOC charge may be subjected to the jurisdiction of federal courts." *Id.* at 1358–59. To "determine whether the purposes of Title VII are met, courts do not apply a rigid test but instead look to several factors including: (1) the similarity of interest between the named party and the unnamed party; (2) whether the plaintiff could have ascertained the identity of the unnamed party at the time the EEOC charge was filed; (3) whether the unnamed parties received adequate notice of the charges; (4) whether the unnamed parties had an adequate opportunity to participate in the reconciliation process; and (5) whether the unnamed party actually was prejudiced by its exclusion from the EEOC proceedings." *Id.* at 1359.

In this case, even if there is some similarity of interest between PSPC and its franchisor that was named in Taylor's EEOC charge, the rest of the factors weigh against finding that the purposes of Title VII were met by Taylor's charge. Taylor easily could have ascertained PSPC's identity before she filed her EEOC charge. PSPC did not receive notice of the EEOC charge and did not have an opportunity to participate in the EEOC conciliation process. And, PSPC was prejudiced by facing a lawsuit without notice of Taylor's claims from Taylor or the EEOC and without an opportunity to participate in the conciliation process. For these reasons, permitting Taylor to

5

sue PSPC despite her failure to name it as a party in her EEOC charge would not further the purposes of Title VII. Because Taylor did not exhaust administrative remedies, PSPC is entitled to summary judgment on Taylor's Title VII claims.

CONCLUSION

For the reasons set forth above, PSPC's summary judgment motion (ECF No. 24) is granted as to Taylor's Title VII claims. The Title VII claims were the only claims over which this Court had original jurisdiction. The Court declines to exercise supplemental jurisdiction over the remaining state law battery claim. See 28 U.S.C. § 1367(c)(3). That claim is dismissed without prejudice.

IT IS SO ORDERED, this 2nd day of October, 2019.

s/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA