IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| JESSICA TAYLOR, | * |
| Plaintiff, | * |
| vs. | * |
| PEOPLE SALES & PROFIT CO., | * CASE NO. 4:18-CV-232 (CDL) |
| Defendant. | * |

O R D E R

Defendant filed a Motion for Attorneys' Fees pursuant to 42 U.S.C. § 2000e-5(k) and Federal Rule of Civil Procedure Civil Procedure 54(d)(2)(B). Plaintiff did not respond, and the motion (ECF No. 27) is granted to the extent set forth below.

The Court previously granted Defendant's summary judgment motion, concluding that Plaintiff did not exhaust administrative remedies and thus could not pursue this Title VII action against Defendant. Therefore, Defendant is the prevailing party in this litigation. *See CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S. Ct. 1642, 1651 (2016) (finding that a defendant may be a prevailing party if the litigation is resolved in its favor, even if the defendant does not "obtain a favorable judgment on the merit*s*"). A district court "may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation" or if "the plaintiff

continued to litigate after it clearly became so." *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 421-22. (1978). Here, in February 2019, Defendant filed documents establishing that Plaintiff knew or should have known before she filed her EEOC charge that Defendant, not its franchisor, was her employer. Defendant also notified Plaintiff in January 2019 and again in February 2019 that Defendant never received notice of Plaintiff's EEOC charge before Plaintiff filed this action. So, by February 2019, Plaintiff should have known that she had not properly exhausted her administrative remedies. Accordingly, the Court finds that Plaintiff continued litigating this action after it became clear that the action lacked foundation, so Defendant is entitled to recover attorney's fees as the prevailing party.

A prevailing party is entitled to a "reasonable attorney's fee." 42 U.S.C. § 2000e-5(k). There is a "strong presumption" that the "lodestar"—the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate—yields a reasonable fee. *In re Home Depot Inc.*, 931 F.3d 1065, 1082 (11th Cir. 2019). The Court reviewed Defendant's motion and invoices in support and accessed the State Bar of Georgia's member directory to determine how long each of Defendant's lawyers has been admitted to the bar. Brittany Bennett, who was admitted to the Georgia bar in 2016 and performed the bulk of

2

the work on behalf of Defendant, charged $200.00 per hour. Brantley Rowlen, Toni Jo Read, and John Snelling—who have each been admitted to the Georgia bar for fourteen years or more—charged $350.00 per hour. Although Defendant did not submit any affidavits or other evidence to demonstrate that these hourly rates are reasonable, the Court finds based on its experience that these rates are reasonable for employment discrimination cases in the Middle District of Georgia.[1]

According to Defendant's invoices and brief in support of its motion, Bennett spent 41.5 hours, Rowlen spent 6.5 hours, Read spent 3.5 hours, and Snelling spent 4.0 hours on this action.[2] Based on the Court's review of the time entry descriptions, the hours expended were reasonable. Thus, the lodestar is calculated as follows:

| Timekeeper | Hours | Rate | Total |
|---|---|---|---|
| Bennett | 41.5 | $200.00 | $8,300.00[3] |
| Rowlen | 6.5 | $350.00 | $2,275.00 |
| Read | 3.5 | $350.00 | $1,225.00 |
| Snelling | 4.0 | $350.00 | $1,400.00 |
|  |  | **TOTAL** | $13,200.00 |

---

[1] Defendant also seeks to recover for time charged by "RH" on July 31, 2019, but Defendant did not explain who RH is or establish that the rate is reasonable, so RH's time is excluded.
[2] Bennett's invoices include "non-billable time entries." Defendant did not argue that this time should be included in the lodestar, and the Court did not include it.
[3] This number does not match the number sought in Defendant's motion, but it reflects the number of "billable" hours for Bennett's time on the invoices that were provided to the Court, plus $1,700.00 for the 8.5 hours that Bennett billed Defendant in October but had not yet invoiced at the time of Defendant's motion.

3

Plaintiff did not respond to Defendant's motion or offer any reason for a reduction to the lodestar, and the Court finds none. Accordingly, the Court awards Defendant attorney's fees in the amount of $13,200.00.

Within twenty-one days of today's order, Plaintiff's attorneys shall show cause why they should not be jointly and severally liable with Plaintiff for these attorney's fees under 28 U.S.C. § 1927.

IT IS SO ORDERED, this 17th day of December, 2019.

S/Clay D. Land  
CLAY D. LAND  
CHIEF U.S. DISTRICT COURT JUDGE  
MIDDLE DISTRICT OF GEORGIA