IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| JESSICA TAYLOR, | * |
| Plaintiff, | * |
| vs. | * |
| | CASE NO. 4:18-CV-232 (CDL) |
| PEOPLE SALES & PROFIT CO., | * |
| Defendant. | * |

O R D E R

The Court previously granted Defendant's uncontested Motion for Attorneys' Fees pursuant to 42 U.S.C. §2000e-5(k) and Federal Rule of Civil Procedure Civil Procedure 54(d)(2)(B). The Court found that Plaintiff continued litigating this action after it became clear that the action lacked foundation, and it awarded Defendant attorney's fees in the amount of $13,200.00. Plaintiff was represented in this action by attorneys from Molden & Associates. The Court ordered Plaintiff's attorneys to show cause why they should not be jointly and severally liable with Plaintiff for these attorney's fees under 28 U.S.C. § 1927. As discussed in more detail below, the Court finds that Molden & Associates should be jointly and severally liable for the $4,720.00 in attorney's fees that were incurred after Plaintiff's counsel received Defendant's notice of abusive litigation on February 8, 2019.

DISCUSSION

"Any attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "An attorney multiplies court proceedings unreasonably and vexatiously, thereby justifying sanctions under 28 U.S.C. § 1927, only when the attorney's conduct is so egregious that it is tantamount to bad faith." *Eldredge v. EDCare Mgmt., Inc.*, 766 F. App'x 901, 907 (11th Cir. 2019) (quoting *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1282 (11th Cir. 2010)). "Bad faith is an objective standard that is satisfied when 'an attorney knowingly or recklessly pursues a frivolous claim or engages in litigation tactics that needlessly obstruct the litigation of non-frivolous claims.'" *Id.* (quoting *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1242 (11th Cir. 2007)). "[A] district court may impose sanctions for egregious conduct by an attorney even if the attorney acted without the specific purpose or intent to multiply the proceedings;" "objectively reckless conduct is enough to warrant sanctions even if the attorney does not act knowingly and malevolently." *Amlong & Amlong*, 500 F.3d at 1241.

Here, Plaintiff's counsel helped Plaintiff file an EEOC charge of discrimination that named the wrong entity as Plaintiff's employer even though counsel (and Plaintiff) should have been able to ascertain, had they used reasonable diligence, that Defendant and not its franchisor was Plaintiff's employer. Then, counsel filed a complaint on behalf of Plaintiff that named the wrong entity as the employer-defendant. Shortly after the complaint was filed, Plaintiff's counsel was alerted to these negligent errors. Defendant also filed a motion to dismiss informing Plaintiff that it did not get notice of the EEOC charge until after this action was filed. That motion presented Defendant's legal argument that without such notice, Plaintiff's Title VII claims must fail for lack of exhaustion. Then, in early February 2019, Defendant's attorney sent Plaintiff's counsel a notice of abusive litigation, reiterating that Plaintiff's Title VII claims were due to be dismissed for lack of exhaustion because Plaintiff did not name Defendant in the EEOC charge and Defendant did not receive notice of the EEOC charge until after this action was filed. Defendant's attorney offered informal discovery to resolve the issue. Plaintiff's counsel did not take the offer.

After receiving the abusive litigation letter, Plaintiff's counsel submitted a response to Defendant's motion to dismiss asserting, without citing any evidence or authority and without

3

responding to Defendant's argument on the naming requirement, that Plaintiff had exhausted administrative remedies. In reply, Defendant again reiterated that it never received notice of the EEOC charge before Plaintiff filed this action, and it pointed to evidence suggesting that Plaintiff and her counsel should have known from the very beginning that Defendant, not its franchisor, was Plaintiff's employer. The Court could not consider this evidence without giving Plaintiff a chance to respond, so it converted the motion to dismiss into a motion for summary judgment and instructed the parties to determine whether limited discovery was necessary on the failure to exhaust defense.

At that point, the negligence of Plaintiff's counsel blossomed into at least objective recklessness. The law was clearly established that Plaintiff's Title VII claim could not proceed unless she exhausted administrative remedies. Since Plaintiff, assisted by counsel, named the wrong entity in her EEOC charge, she could not establish exhaustion unless the purposes of Title VII's naming requirement were met. Plaintiff's counsel received ample communications that those purposes were not met because Defendant did not get notice of the EEOC charge and did not have an opportunity to participate

4

in the EEOC conciliation process.[1]  Defendant offered informal discovery to resolve this issue with minimal cost.  Instead, Plaintiff and her counsel charged ahead with a formal scheduling order and formal discovery even though Plaintiff's counsel should have known it was futile.  Thus, Plaintiff's counsel unreasonably multiplied the proceedings.  As a result, even though Plaintiff did not file any documents with the Court after the scheduling and discovery order was entered, Defendant had to participate in formal discovery and was forced to file a summary judgment motion to avoid additional proceedings.

The fact that Defendant's counsel engaged in settlement negotiations does not change this analysis.  Defendant steadfastly maintained that Plaintiff's Title VII claim failed for lack of exhaustion.  Defendant's decision to pursue settlement does not establish that Plaintiff had a viable Title VII claim; it simply suggests that Defendant wished to explore its options to resolve the matter while minimizing future litigation costs.  Similarly, Plaintiff's assertion of a state law battery claim against Defendant for the acts of a non-employee does not make counsel's conduct with regard to the only federal question claim any less objectively reckless.  From the

---

[1] In counsel's response to the Court's show cause order, counsel repeatedly refers to Defendant's lack of notice as a "purported" lack of notice.  But it was not merely "purported."  Defendant presented *evidence* that it did not receive notice of the EEOC charge that named its franchisor.  Plaintiff did not present any evidence to dispute this assertion, so it is a proven fact.

5

beginning, the central issue in this federal court case was whether the federal question claim could proceed. Without the Title VII claim, the Court could—and did—decline to exercise supplemental jurisdiction over the battery claim.

In summary, under the circumstances presented here, the Court finds that Plaintiff's counsel should share with Plaintiff the $4,720.00 in attorney's fees Defendant incurred because Plaintiff and her counsel pursued the Title VII claim even after counsel should have determined from Defendant's February 2019 abusive litigation letter that the battle had been lost on that claim.[2]

CONCLUSION

For the reasons set forth above, the Court finds that Molden & Associates should be jointly and severally liable with Plaintiff for $4,720.00 in attorney's fees under 28 U.S.C. § 1927. Defendant's motion to strike (ECF No. 32) is moot.

IT IS SO ORDERED, this 23rd day of January, 2020.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[2] This amount represents the time Defendant's counsel billed after mid-May 2019. Defendant's counsel did not bill any time in February, March, or April 2019, and the only billable time in May was for the scheduling conference.